

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

Mark W. Crooks
Assistant United States Attorney
Mark.Crooks@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4867
MAIN: 410-209-4800
FAX: 410-962-0716

February 11, 2014

Ms. Premal Dharia, Esq.
Mr. Patrick Kent, Esq.
Office of the Federal Public Defender
100 South Charles Street
Tower II; 9th Floor
Baltimore, MD 21201

Re:  *United States v. Thomas Tinsley*, Crim. No. ELH-13-0476

Counsel:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by February 21, 2014, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1. The Defendant agrees to plead guilty to the one-count Indictment now pending against him, which charges him with Trafficking of a Minor, violation of 18 U.S.C. § 1591(a). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

First, the defendant knowingly recruited or enticed or harbored or provided or obtained or maintained a person by any means; and

Second, the defendant knew or was in reckless disregard of the fact that the victim was under the age of eighteen; and

Third, the defendant knew or was in reckless disregard of the fact that this person would be engaged in a commercial sex act; and

Fourth, the defendant's conduct was in or affecting interstate or foreign commerce.

✓ Penalties

3. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: life in prison, a fine of $250,000 and five years of supervised release. The Defendant is subject to a ten (10) year mandatory minimum term of imprisonment that must be imposed by the Court. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C.§ 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

✓ Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

   a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

   b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of

jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.  If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.  The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.  If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.  By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.  If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.  By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that pleading guilty will likely have consequences with respect to his immigration status because he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms

that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

### Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. § 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts attached hereto as Exhibit A which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

    a. The base offense level is 30. U.S.S.G. § 2G1.3(a)(2)

    b. There may be a 2-level increase if the Court determines that the offense involved undue influence to cause a minor to engage in prohibited sexual conduct. The parties agree to contest this factor at sentencing. U.S.S.G. § 2G1.3(a)(3)

    c. There is a 2-level increase because the offense involved the commission of a sex act and sexual contact; and a commercial sex act. U.S.S.G. § 2G1.3(a)(4)

    d. This Office does not oppose a 2-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

e. Thus, the final adjusted offense level for the offense is either a 29 or 31 (after acceptance of responsibility).

7. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income. The Defendant is free to argue that his criminal history is over-represented by either the government and/or United States Probation.

8. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

### Rule 11 (c) (1) (C) Plea

9. The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence within the range of months established by Guidelines level 29 or 31, and that the range shall be from the low-end of criminal history IV to the high end of criminal history category V. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

### Obligations of the United States Attorney's Office

10. At the time of sentencing, this Office will recommend a sentence within the range of months established in Paragraph 9 above. Further, this Office will move to dismiss the remaining open counts against the Defendant.

11. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

### Dismissal of Related State Case Charges

12. This Office represents that the Baltimore City/State's Attorney's Office has [handwritten: Baltimore County pelc (initials)] agreed to terminate its investigation and not bring related charges against the Defendant for conduct described in Attachment A, Statement of Facts.

Page 5

### Waiver of Appeal

> The Defendant and this Office waive all rights to appeal his conviction, pursuant to 28 USC § 1291.

13. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, including any fine, term of supervised release, or order of restitution and any issues that relate to the establishment of the advisory guidelines range. Nothing in this agreement shall be construed to prevent either the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), and appealing from any decision thereunder, should a sentence be imposed that is illegal or that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory mandatory minimum provision. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

14. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Restitution

15. The Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct ~~set forth in the factual stipulation~~ as determined by this Court at sentencing. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to

Page 6

copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

### Court Not a Party

16. The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

17. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Mark W. Crooks
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

2/27/14
Date

Thomas Tinsley

I am Thomas Tinsley's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

2-27-14
Date

Patrick Kent, Esq.

Page 8

## Attachment A: Factual Stipulation

*If this matter had proceeded to trial, the government would have proven the following beyond a reasonable doubt. The Defendant agrees that the following facts do not encompass all of the facts that would have been proven had this matter proceeded to trial.*

In May of 2013, Thomas Tinsley ("TINSLEY") was a 27-year-old resident of Baltimore. TINSLEY is a registered sex offender in the state of Maryland based on a conviction involving prior sexual intercourse with a minor.

The victim in this case, A.L., was a 15-year-old resident of Baltimore who ran away from home in March 2013. TINSLEY met A.L. near the Galleria Mall in downtown Baltimore. TINSLEY invited A.L. to live with him at the Motel 6 on Caton Avenue in Baltimore. Soon thereafter, TINSLEY, along with an older female associate of TINSLEY, began having unprotected sexual intercourse and contact with A.L.

TINSLEY encouraged A.L. to engage in prostitution in order to pay for the Motel 6 hotel room and provide him with additional currency. A.L. routinely met with prostitution clients in and around the Motel 6 and communicated using a cellphone with TINSLEY regarding her client interactions, including the location of the commercial sex and the identity of her patrons. TINSLEY's use and leasing of rooms within the Motel 6, a motel that routinely houses interstate travelers, affected interstate commerce.

TINSLEY monitored A.L.'s commercial sex activities and gave her instructions regarding her client interactions, including telling her to collect cash before the commercial sex. [redacted] PK.

TINSLEY sometimes negotiated directly with prospective clients for commercial sex on behalf of A.L. [redacted] PK.

Federal agents found inside the above-described Motel 6 room TINSLEY's sex offender registry paperwork, which listed the Motel 6 address as his 'place of residence.'

Agreed to this 27 day of February, 2014

_____
Thomas Tinsley, Defendant